.[Civil No. 2477.   Filed June 2, 1926.]

[246 Pac. 551.]

HILARIO D. CHAVEZ, Appellant, v. A. BARRIO, Appellee.

1. EJECTMENT — EVIDENCE IN ACTION IN NATURE OF EJECTMENT HELD SUFFICIENT TO SUPPORT FINDING THAT PLAINTIFF DEEDED LAND TO THIRD PARTY, WHO CONVEYED TO DEFENDANT.—Evidence in action in nature of ejectment *held* sufficient to support finding that plaintiff deeded land to third party, who conveyed to defendant, where plaintiff paid no attention to property thereafter for six years.

2. EJECTMENT.—Failure to pay taxes for six years on property claimed in ejectment *held* incompatible with claim of ownership.

3. APPEAL AND ERROR.—Appellate court will not disturb findings and conclusions of trier of facts, where there is substantial evidence supporting them.

See (1) 19 C. J., p. 1178, n. 30.   (2) 19 C. J., p. 1180, n. 54.   (3) 4 C. J., p. 878, n. 82.

APPEAL from a judgment of the Superior Court of the County of Gila. C. C. Faires, Judge. Affirmed.

Mr. John M. Feier, for Appellant.

Mr. Jay Good, for Appellee.

3.  See 2 R. C. L. 194.

ROSS, J.—This is an action in the nature of eject-
ment for the possession of lots 1 and 2, block 38, of
the townsite of Miami, Gila county, Arizona.

Plaintiff, Chavez, alleged in his complaint, and
supported by competent evidence, ownership of
premises as of and from the thirteenth day of
April, 1914. The defendant, Barrio, in his answer
to the complaint set up that he was the owner
of said premises by deed of conveyance dated Febru-
ary 25, 1921, from one Amelia Blanco, and that
Blanco was the grantee of plaintiff. The case was
tried before the court without a jury and resulted
in a judgment for defendant.

The plaintiff has appealed, and, while he has under-
taken to assign several errors we gather from all
of them that he is entitled to be heard upon the sole
question of the sufficiency of the evidence to support
the judgment.

It was set up in the answer that plaintiff, Chavez,
deeded said premises to Amelia Blanco, but that
such deed was never placed of record and could not
be found; that said Blanco had removed from Ari-
zona to California and had died some time before the
trial. Evidence in support of this allegation was
introduced on the trial. Plaintiff does not contest
the competency of such evidence, but contends it did
not clearly, unequivocally, and convincingly estab-
lish that any such deed was ever executed and de-
livered to Blanco. It will be noted he does not deny
that there was evidence of the existence of such a
deed, but that he does deny that it was of that high
character required in such a case. The evidence
tending to show that such a deed was made by Chavez
is substantially as follows:

In 1919 Chavez left Blanco in possession of prem-
ises. At that time Kasser & Glavinic held Chavez'
past-due note and mortgage against property for

$360, dated September 26, 1916, bearing ten per cent interest. Thereafter the note and mortgage were sold and transferred to Blanco. There were, early in 1920, filed against premises several mechanics' liens for lumber and material. These claims against the property were taken up and paid by Blanco, the property being used by her to obtain the money with which to do so. The plaintiff left the community of Miami, and from 1919 to July, 1924, paid no attention whatever to the property, demanded no rent from Blanco while she was in possession, and none from defendant, who took possession under Blanco in March, 1921, paid no taxes, and left unsettled the Kasser & Glavinic note, as also the mechanics' liens. The taxes were paid by defendant for the years 1919, 1920, 1921, 1922, 1923 and 1924. This inattention to the property is certainly incompatible with a claim of ownership.

Aside from the above circumstances, Mr. George F. Senner, an attorney, testified that he made a deed of such property, taking the description from the Kasser & Glavinic mortgage, which deed conveyed from plaintiff to Blanco the premises occupied by Barrio (lots 1 and 2, block 38, *supra*), that it was a warranty deed, and that he delivered the deed to defendant's attorney. Felippa M. Barrio, wife of defendant, testified she saw such deed, and that plaintiff told her Blanco was the owner of the property. And to the same effect was the testimony of Juanita Barrio.

The plaintiff's testimony as to whether he ever deeded the premises to Blanco is very unsatisfactory; it is susceptible of a construction admitting that he did deed the property to Blanco. His attorney asked him the question:

"Did you ever give a deed—make a deed to Amelia Blanco? In other words, did Senner ever prepare

a deed for you deeding that property to Mrs. Blanco?''

The plaintiff answered:

''Why, he made it for me so I could keep it the way we was going to make our contract. . . . He made that deed to me, and at the time that she would pay me $500 I was to give her this deed.''

The plaintiff, being questioned by the court as to what he did with such deed, stated that he left it in his trunk with other like documents, and that it became lost, or that he never looked for it thereafter. He further said that it was a deed of some property belonging to his son-in-law.

The trial judge had the witnesses before him, had the advantage of observing their manner of testifying, and was in a better position to weigh the conflicting and dubious statements and arrive at a just and correct conclusion than the appellate court. He no doubt was satisfied that Chavez had deeded the property to Blanco, otherwise his verdict and judgment would have been different. We cannot say that he was wrong in his conclusion. It is a settled rule that the appellate court will not disturb or set aside the findings and conclusions of the trier of facts, whether it be a jury or the trial court, if there is substantial evidence supporting such findings and conclusions.

The record shows that the plaintiff practically abandoned the property from October, 1919, to July, 1924. When he left Blanco in charge of it he knew that it might be taken by his creditors to satisfy their demands; that the taxes would have to be paid from year to year. If he, as he now contends, retained title, it is more than passing strange that he made no provision to care for the encumbrances against the property including the taxes that would inevitably accrue. His neglect to look after the property during

30 Ariz.—18

this time may reasonably be accounted for only upon the theory that he had disposed of his title and no longer felt interested.

All these facts, together with the positive evidence that he had deeded the property to Blanco, and his own equivocal testimony, lend abundant support to the findings and conclusion of the court.

The judgment of the lower court is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.